UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. POGASIC, | : | 1:11-CV-01872 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| PATRICK R. DONAHOE, | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

**I. Introduction.**

In this employment discrimination case, the plaintiff, Robert J. Pogasic, claims that he was retaliated against in violation of Title VII. The defendant filed a motion to dismiss the complaint or for summary judgment. We reject the defendant's argument that the complaint should be dismissed because Pogasic did not timely serve the summons and complaint. But because Pogasic did not file the complaint in this case within 90 days of receiving the right-to-sue letter from the Equal Employment Opportunity Commission, his claim is barred by the statute of limitations. Thus, we recommend that the defendant be granted summary judgment.

**II. Background and Procedural History.**

On October 11, 2011, Pogasic, proceeding *pro se,* began this action by filing a complaint naming as the defendant Patrick R. Donahoe, the Postmater General of the United States. Pogasic, an employee of the United States Postal Service (USPS), brings a claim under Title VII. He alleges that, in April of 2008, after he complained about unsafe conditions in the truck terminal and about employees who are color blind having trouble identifying charged scanners, which have red and green battery indicator lights, his supervisor eliminated his job duties as a relief group leader. Pogasic claims that his duties as a relief group leader were eliminated in retaliation for his complaints. He alleges that he lost wages in the amount of $2,300.00, and that it is the amount that he seeks in his complaint.

On June 26, 2013, the defendant filed a motion to dismiss or for summary judgment. The parties have fully briefed that motion, and, for the reasons discussed below, we recommend that the motion be granted to the extent that the defendant be granted summary judgment on the basis of the statute of limitations.

## III. Discussion.

### A. The Court has Personal Jurisdiction Over the Defendant In His Official Capacity.

The defendant contends that this Court lacks personal jurisdiction over him because Pogasic failed to timely serve the summons and complaint on him. Because service has been properly effected on the defendant, this Court has personal jurisdiction.

"Personal jurisdiction . . . is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999)(quoting *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)). Proper service of the summons and complaint is required for the Court to have personal jurisdiction over a defendant. *Omni Capital Int'l. Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). "A federal district court acquires personal jurisdiction over a defendant when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of

3

the Federal Rules of Civil Procedure." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 7001 (3d Cir. 1991).

In this case, the defendant is the Postmaster General of the United States. Thus, the relevant service provision is Fed.R.Civ.P. 4(i), which provides:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>> **(1)** *United States*. To serve the United States, a party must:
>>> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>>>> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>>
>>> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>>
>>> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>>
>> **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

>**(3)** ***Officer or Employee Sued Individually***. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).
>**(4)** ***Extending Time***. The court must allow a party a reasonable time to cure its failure to:
>>**(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
>>**(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

In October of 2011, Pogasic filed a return of service stating the he served the summons on a Lyle Gains of the USPS. *See Doc. 3.* Because that return of service was not consistent with Fed.R.Civ.P. 4(i), in September of 2012, Magistrate Judge Carlson directed the Clerk of Court to reissue the summons, and he ordered Pogasic to serve the summons and complaint in accordance with Fed.R.Civ.P. 4(i). In October of 2012, Pogasic filed another return of service stating that he sent the summons by certified mail to the United States Attorney's Office. *See Doc.6.* Because that return of service still did not show that service was made in accordance with Fed.R.Civ.P. 4(i), Magistrate Judge Carlson again ordered that the Clerk of

Court to reissue the summons, and he again ordered Pogasic to properly serve the summons and complaint. Then, on December 14, 2012, Pogasic filed a return of service stating that he sent, by certified mail, a copy of the summons and complaint to the Attorney General of the United States in Washington D.C. and to Postmaster General Donahue in Washington D.C. *See Doc. 9.* He attached copies of the signed green return receipts cards for the certified mail. *Id.* He also stated that he delivered a copy of the summons and complaint to the United States Attorney's Office in Harrisburg. *Id.* Thus, it appears that at that point, Pogasic properly served the defendant in his official capacity as Postmaster General of the United States in accordance with Fed.R.Civ.P. 4(i).

Still, the defendant did not respond to the complaint. Thus, we were concerned that despite his return of service, Pogasic may not have properly effected service.[1] So, we directed the United States Marshal to serve the complaint on the defendant in accordance with Fed.R.Civ.P. 4(i). On May 24, 2013, the Marshal

---

1 We may have also mistakenly viewed the case as a case against the defendant in his individual capacity, and Pogasic did not properly serve the defendant in his individual capacity. Upon further review, we conclude that Pogasic is suing the defendant in his official capacity. The parties do not assert otherwise, and, in fact, the defendant's argument regarding personal jurisdiction is that Pogasic failed to timely serve him in his official capacity. *See Doc. 16* at 12.

filed a return of service with a copy of a signed green return receipt card for mail addressed to Postmaster General Donahoe. *See Doc. 12*.

Thereafter, the defendant filed his motion to dismiss or for summary judgment. The defendant asserts that service was not properly made until after the Court ordered the Marshal to serve the complaint. And, according to the defendant, because service was not accomplished in a timely manner and Pogasic cannot show good cause why service was not accomplished in a timely manner, this Court does not have personal jurisdiction over him. We reject the defendant's contention that this Court lacks personal jurisdiction over him. Because the defendant has been properly served, the Court has personal jurisdiction over the defendant.

We also conclude that the Court properly extended the time for Pogasic to effect service. Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The determination of whether to extend time for service under Rule 4(m) involves a two-step inquiry. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.

1995). First, the court must determine if good cause exists for the plaintiff's failure to timely effect service. *Id*. If good cause exists, the court must extend time for service. *Id*. Second, "[i]f good cause does not exist, the district court must consider whether to grant a discretionary extension of time." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). Factors relevant to whether the court should grant an extension of time in the absence of good cause include whether the statute of limitations has run on the underlying cause of action, whether the defendants evaded service or concealed a defect in attempted service, whether the plaintiff is represented by counsel, and whether the defendant will be prejudiced by allowing late service, which includes whether he had actual notice of the suit in a timely manner. *See Petrucelli,* 46 F.3d at 1307; *Chiang v. United States SBA,* 331 F. App'x 113, 116 (3d Cir. 2009).

Given that good cause is not required for the Court to extend time for service, that Pogasic is proceeding *pro se*, that it was apparent that failure to extend the time to effect service would have resulted in a statute of limitations problem, and that there is no argument or basis to think that the defendant was prejudiced by the extensions of time to effect service, we reject the defendant's argument that the case should be dismissed because service was not made within 120 days after the complaint was filed.

## B. The Defendant Is Entitled to Summary Judgment.
### 1. Summary Judgment Standard.

The defendant has moved for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v. U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011)(quoting Fed.R.Civ.P. 56(a)).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Id.* at 248-49. When "faced with a summary

judgment motion, the court must view the facts 'in the light most favorable to the nonmoving party.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011)(quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249. The proper inquiry of the court "is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### 2. Pogasic Failed to Timely File this Action.

"In 1972, Congress extended Title VII's protection to federal employees." *Francis v. Mineta*, 505 F.3d 266, 271 (3d Cir. 2007). The federal-sector provision of Title VII—42 U.S.C. § 2000e–16—provides that "[a]ll personnel actions affecting employees or applicants for employment" in federal departments and agencies, including the United States Postal Service, "shall be made free from any discrimination based on race, color, religion, sex, or national origin." Although the

federal-sector provision of Title VII does not explicitly prohibit retaliation for complaining about discrimination, courts have generally assumed that it does. *Ullrich v. U.S. Sec'y of Veterans Affairs*, 457 F. App'x 132, 139 n.5 (3d Cir. 2012).

Federal employees are "subject to Title VII's administrative exhaustion requirements." *Francis*, 505 F.3d at 273. At the start of the administrative process, a federal employee must contact an Equal Employment Opportunity (EEO) counselor within 45 days of the discriminatory action. 29 C.F.R. § 1614.105(a)(1). "This 45–day time limit operates akin to a statute of limitations: a claim brought more than 45 days after the date it accrued will be barred." *Winder v. Postmaster Gen. of U.S.*, 12-3610, 2013 WL 2668962 at *2 (3d Cir. June 14, 2013). After the administrative process is complete, a federal employee must file any claim in court within 90 days after the EEOC gives notice of its decision. 42 U.S.C. § 2000e–16(c). This deadline is also construed as a statute of limitations and is subject to equitable tolling in appropriate circumstances. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990).

The following facts surrounding the administrative proceedings in this case are undisputed.[2] On October 3, 2008, Pogasic contacted an EEO counselor with the USPS claiming age discrimination and retaliation because of the safety complaint that he made on behalf of color blind employees. *See Doc. 17* (Defendant's Statement of Material Facts) at ¶4. In a pre-complaint counseling form, Pogasic claimed that after his complaint of color-blind discrimination in early 2008, his supervisor did not assign him as group leader after March 15, 2008. *Id.* at ¶5. In addition, he complained that the regular group leader was absent during September 2008, and he did not receive group leader status as of September 27, 2008. *Id.* at ¶6. During his EEO counseling session, Pogasic claimed he received higher pay whenever his group leader was absent from work; even though, when he lead, he did not always have the same duties as the group leader. *Id.* at ¶7. But, sometime after May 2008, according to Pogasic, the practice of him automatically receiving higher pay ended. *Id.* Pogasic also told the EEO counselor that, in the summer of 2008, perhaps June, he informed his supervisor that color blind employees could not

---

[2] Pogasic did not file a response to the defendant's statement of material facts. Accordingly, pursuant to Local Rule 56.1, Pogasic is deemed to admit the material facts set forth by the defedants including the facts surrounding the administrative proceedings.

12

distinguish if the scanner light was on or off and forklift operators were driving too fast. *Id.* at ¶8. The EEO counselor told Pogasic that she learned that he did not perform higher level duties, direct other employees, or operate higher level equipment and that is why he did not receive higher pay. *Id.* at ¶9.

In November of 2008, Pogasic received notice that he could file an EEO complaint about the alleged discrimination he made in his pre-complaint counseling session. *Id.* at ¶10. Pogasic then filed a formal EEO complaint (Case No. 1C-171-0002-09), with the USPS claiming age discrimination and retaliation. *Id.* at ¶11. In that complaint, Pogasic stated that in early 2008, he complained to his supervisor about the alleged color-blind discrimination and vehicles moving too fast and that, after March 15, 2008, he was no longer assigned to group leader status. *Id.* at ¶¶12 & 13. Pogasic also stated that, in September of 2008, he complained to his supervisor that he would like to be assigned the group leader status, but when the group leader was absent, he was not assigned to be the group leader. *Id.* at ¶14. Pogasic claimed that his not being assigned to group leader status was retaliation for his report about color blind employees and the speed of the vehicles. *Id.* at ¶15.

In December of 2008, the USPS dismissed Pogasic's formal complaint (Case No. 1C-171-0002-09) because he failed to state a claim per 29 C.F.R. § 1614.107(a)(1). *Id.* at ¶16. It reasoned that, even if his allegations were true, Pogasic did not suffer a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy and not being assigned to be a group leader was neither sufficiently severe nor pervasive to create a discriminatory hostile or abusive working environment. *Id.* at ¶16. In addition, it dismissed the complaint because Pogasic did not contact a counselor within 45 days of the date of the alleged discriminatory conduct. *Id.* at ¶17. Specifically, it found that the alleged discriminatory conduct—denial of group leader status—occurred on May 15, 2008, but Pogasic did not initiate EEO contact until October 3, 2008, which was approximately 141 days later. *Id.*

In January of 2009, Pogasic filed an appeal in Case No. 1C-171-0002-09 to the EEOC. *Id.* at ¶18. On May 14, 2009, the EEOC affirmed the dismissal of EEO complaint No. 1C-171-0002-09. *Id.* at ¶19. The EEOC informed Pogasic that he had the right to file a civil action within 90 calendar days from the date he received the decision. *Id.* at ¶20.

The defendant contends that Pogasic failed to contact an EEO counselor within 45 days from the date that his relief group leader duties were taken from him. The defendant also contends that Pogasic failed to file this action within 90 days of receiving the right-to-sue letter from the EEOC. Further, the defendant contends that Pogasic cannot establish a *prima facie* case of retaliation because his safety-related complaints are not protected activity under Title VII.

The most glaring problem with Pogasic's case is that he did not file the complaint in this case until October 11, 2008, 881 days after the EEOC's May 14, 2009 decision. Since he was required to file this case within 90 days of receiving the right-to-sue letter from the EEOC, his claim is barred by the statute of limitations absent equitable tolling.

Although Pogasic does not argue that the statute of limitations should be equitably tolled, he does argue that he, in fact, filed this case within 90 days of receiving a right-to-sue letter from the EEOC. In the regard, he points to a right-to-sue letter from the EEOC dated July 20, 2011. *See Doc. 20-5.* That right-to-sue letter, however, does not pertain to the administrative complaint (1C-171-0002-09) he filed about his relief group leader duties being taken from him

in retaliation for his complaint regarding color blind employees and the speed of trucks in the terminal—the basis for the claim in this case. Rather, that right-to-sue letter concerns a second administrative complaint (1C-171-0023-09), which Pogasic filed after the EEOC had issued its decision with respect to his first complaint (1C-171-0002-09). In connection with this second administrative complaint (1C-171-0023-09), Pogasic claimed that he was retaliated against when, on April 8, 2009, his supervisor noted on a form that he is an "unassigned FTR MH that works truck terminal operations." *See Doc. 22-1* at 2.[3] He claims that the notation was retaliation for his first administrative complaint (1C-171-0002-09). Because the right-to-sue letter issued by the EEOC on July 20, 2011, is related to a claim different from the claim in this case, the date of that right-to-sue letter is not relevant in this case.

---

[3] The USPS concluded that the notation that Pogasic was unassigned was merely a mistake. *See Doc. 22-1* at 23 ("While . . . you were referred to on this form as an unassigned regular, evidence establishes that your status as an assigned regular did not change. No personnel action was taken to affect your actual employment status, pay, designation, or work location in any way."). The EEOC affirmed the USPS decision on appeal, and then, on July 20, 2011, it denied Pogasic's request for reconsideration. *Id.* at 28-37.

In this case, Pogasic failed to file his complaint within 90 days of receiving the EEOC's May 14, 2009 right-to-sue letter. Accordingly, his claim is barred by the statute of limitations. Thus, we recommend that defendant be granted summary judgment.[4]

**IV. Recommendation.**

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that the defendant's motion (doc. 15) to dismiss or for summary judgment be granted to the extent that summary judgment be entered in favor of the defendant and against Pogasic on the basis of the statute of limitations.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the

---

[4] Because we recommend that the defendant be granted summary judgment on this basis, we do not discuss the defendant's other arguments in support of summary judgment.

portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 22nd day of November, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge