## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT POGASIC,** | : | **CIVIL ACTION NO. 1:11-CV-1872** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICK R. DONAHOE,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

AND NOW, this 16th day of December, 2013, upon consideration of the report of

Magistrate Judge Susan E. Schwab (Doc. 24) in this employment discrimination matter,

recommending that the court deny defendant's motion (Doc. 15) to the extent it seeks

dismissal of plaintiff's complaint (Doc. 1) for improper and untimely service but grant the

motion to the extent it seeks summary judgment in defendant's favor because plaintiff

failed to timely commence this action within ninety (90) days after receiving notice of the

Equal Employment Opportunity Commission's denial of his claim, <u>see</u> 42 U.S.C. § 2000e-

16(c) (time-barring actions if not filed "within 90 days of receipt of notice of final action

taken by administrative agency), and, following an independent review of the record

before this court and the administrative agency, this court agreeing with the magistrate

judge that plaintiff's cause of action is time-barred, and it appearing that neither party

has objected to the report, and that there is no clear error on the face of the record,[1] see

Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to

[a report and recommendation] in a civil proceeding may result in forfeiture of *de novo*

review at the district court level"), it is hereby ORDERED that:

1.   The report of the magistrate judge (Doc. 24) is ADOPTED in its entirety.

2.   Defendant's motion (Doc. 15) for summary judgment is GRANTED to the extent it seeks a determination the defendant is entitled to judgment as a matter of law because plaintiff's cause of action is time-barred pursuant to 42 U.S.C. § 2000e-16(c). The motion is DENIED in all other respects.

3.   Judgment is ENTERED in favor of the defendant.

4.   The Clerk of Court is DIRECTED to close this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard; Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.